IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES FOR THE USE AND )
BENEFIT OF METAL BUILDING )
COMPONENTS, a Division of NCI GROUP, )
INC., *et al.*, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　)
v. ) Case No. CIV-14-104-D
　　　　　　　　　　　　　　　　　　　　)
GSC CONSTRUCTION, INC., *et al.*, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants. )

**O R D E R**

Before the Court is Plaintiffs' Request for Entry of Default [Doc. No. 26]. For the reasons set forth below, the Court finds the request should be stricken and the action dismissed without prejudice against Defendant Steel Resources, LLC (Steel Resources) pursuant to Fed. R. Civ. P. 4(m).

**I.** **Procedural History**

The Court previously entered an Order [Doc. No. 19] directing Plaintiffs to show cause why the action should not be dismissed against Steel Resources pursuant to Fed. R. Civ. P. 4(m) as this defendant had not been served within 120 days of the filing of the complaint. As the Court set forth in that prior order, Plaintiffs filed an amended complaint solely to correct allegations concerning the proper registered service agent for Steel Resources. The amended complaint, filed on February 10, 2014, identifies the proper service agent as Joel Voelkert at 9050 Executive Park Dr., Suite 109A, Knoxville, Tennessee 37923-4669.[1]

---

[1]The complaint was filed on February 3, 2014. The 120-day period commenced to run from that date. *See Bolden v. City of Topeka, Kansas*, 441 F3d 1129, 1148 (10th Cir. 2006) (Rule 4(m)'s 120-day time limit for service is
(continued...)

Plaintiffs filed a response [Doc. No. 22] and stated that on June 20, 2014, outside the requisite 120-day period, they filed a return [Doc. No. 21] showing no service on Steel Resources. The process server states "I could not locate Joel Voelkert for Steel Resources." The return reflects "attempted service" at four addresses, one of which is the address identified in the amended complaint. The return provides no information as to the times and dates when service was attempted.

Also on June 20, 2014, Plaintiffs issued an alias summons to Steel Resources for service of Steel Resources through the Oklahoma Secretary of State.[2] In their response to the Court's show cause order, Plaintiffs stated that they anticipated filing a return of service "within the next three (3) days" and would then "promptly" file the return with this Court. Wholly absent from the response is any statement of good cause for failing to effect timely service.

Plaintiffs waited until September 2, 2014 to file the return of service [Doc. No. 23] showing that the Oklahoma Secretary of State had been served. Plaintiffs now seek entry of default against Defendant Steel Resources, LLC.

## II.  Discussion

Pursuant to Rule 4(m), when service is not effected within the 120-day period, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate

---

[1](...continued)
not restarted by the filing of an amended complaint except as to newly added defendants).

[2] *See* Fed. R. Civ. P. 4(h)(1)(A); *see also* Okla. Stat. tit. 12, § 2004(C)(4) and Okla. Stat. tit. 18, § 2010(E). The Court makes no determination as to the validity of service on the Secretary of State.

2

period." Fed. R. Civ. P. 4(m). Thus, a two-step analysis governs dismissal pursuant to Rule 4(m). *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995). "If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Id*.

As noted, Plaintiffs offer no reasons for their failure to effect timely service within the 120-day period required under Rule 4(m). *See In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) ("The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with [Rule 4(m) ]."). Instead, Plaintiffs merely set forth efforts taken to serve Steel Resources after expiration of the 120-day period. Even then, Plaintiffs provide no details about how or when service was attempted except to list four addresses and to file a return showing untimely service on the Oklahoma Secretary of State. The Court finds, therefore, that Plaintiffs have not shown good cause exists so as to require a mandatory extension of the 120-day period.

The Court must further consider whether, in the exercise of its discretion, a permissive extension is warranted. *Espinoza*, 52 F.3d at 841. Again, in response to the Court's show cause order, Plaintiffs did not set forth any reasons why the Court should permissibly extend the 120-day period. Plaintiffs have not explained why service could not be effected on the registered agent or submitted sufficient detail to demonstrate efforts taken to effect service on the agent. Plaintiffs delay in filing a return as to Steel Resources is also unexplained. While Plaintiffs show a return of service on the Oklahoma Secretary of State, that service was made outside the 120-day period. In addition, there is no indication from the record that Plaintiffs claims would be time-barred if they were required to re-file their action against Steel Resources. *See Espinoza*, 52 F.3d at 842. Finally, Plaintiffs have dismissed with prejudice their claims against the other defendants to this action,

3

leaving only claims against Steel Resources. Under these circumstances, the Court finds a permissive (and retroactive) extension of the 120-day period is not warranted and the action should be dismissed without prejudice against Steel Resources.

IT IS THEREFORE ORDERED that Plaintiff's Request for Entry of Default [Doc. No. 26] is STRICKEN.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Steel Resources, LLC are DISMISSED without prejudice to refiling pursuant to Fed. R. Civ. P. 4(m).

IT IS SO ORDERED this 23rd day of October, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE